■ SARAH WEINBERG, Appellant, v LESLIE SULTAN et al., Respondents. [37 NYS3d 13]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about February 23, 2015, which, to the extent appealed from as limited by the briefs, upon defendants' motions to dismiss, dismissed plaintiff's third, fourth, fifth, and sixth causes of action in the amended complaint; converted the motions to dismiss the first and second causes of action in the amended complaint to motions for summary judgment, with leave to further brief the motions; and granted defendant purchaser's counsel leave to disburse $66,152 held in escrow for the purchaser, unanimously affirmed, without costs. Order, same court and Justice, entered on or about June 3, 2015, which, upon the remaining defendants' motions for summary judgment, dismissed the first and second causes of action in the amended complaint, unanimously affirmed, without costs.

The motion court correctly dismissed the third and fourth causes of action. We have some concerns over the manner in which the sale of the building owned by the elderly plaintiff was orchestrated by defendant Kaminsky, her former son-in-law. Kaminsky, an attorney, procured the purchaser and referred plaintiff to the attorneys who represented her in the transaction and assisted her at the closing. It is unclear from the record whether these attorneys ever met with plaintiff before the closing or what role defendant Asher, the self-described "estate attorney," played; that is, what advice, if any, he provided regarding her estate. It is also unclear how the purchase price for the building was arrived at and whether the representations made to plaintiff regarding the sale proceeds were accurate. Also, Kaminsky collected a $200,000 consulting fee for his work on the transaction, paid by the buyer.

Nonetheless, the amended complaint is barebones. It fails to allege any "material misrepresentation," which is a required element of a fraud claim (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Nicosia v Board of Mgrs. of the Weber House Condominium*, 77 AD3d 455, 456 [1st Dept 2010]). Further, plaintiff does not allege how defendant purchaser Linda Salamon and her company, defendant 22 West 30th St. Properties, LLC (together Salamon), exerted any undue influence over plaintiff (*see Franklin v Winard*, 199 AD2d 220, 220 [1st Dept 1993]) or coerced her into a transaction that she alleges made no economic sense. The amended

complaint also failed to plead the fraud and undue influence claims with sufficient particularity, as required by CPLR 3016 (b) (*see id.*). In addition, there is no private right of action against an attorney or law firm for violations of the Code of Professional Responsibility or disciplinary rules (*Kantor v Bernstein*, 225 AD2d 500, 501 [1st Dept 1996]; *see Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 199 [1st Dept 2003]). Plaintiff failed to address her breach of contract claim in her opening appellate brief, so it can be deemed abandoned (*see Bridgers v West 82nd St. Owners Corp.*, 114 AD3d 606, 607 [2014]). In any event, plaintiff provides no indication of how the contract was breached.

Given the absence of an underlying fraud claim, the motion court correctly dismissed the fifth cause of action, for aiding and abetting fraud, and the sixth cause of action, for conspiracy to commit fraud (*Agostini v Sobol*, 304 AD2d 395, 395 [1st Dept 2003]).

The motion court correctly granted the motions for summary judgment dismissing the first and second causes of action, for legal malpractice. The moving defendants made a prima facie showing of a lack of proximate cause, which is an essential element of a legal malpractice claim (*see Sabalza v Salgado*, 85 AD3d 436, 437 [1st Dept 2011]; *Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]). In opposition, plaintiff failed to raise a triable issue of fact, since she merely speculated that the building she formerly owned, which was in foreclosure at the time of its sale, could have been sold for its appraised value (*see Heritage Partners, LLC v Stroock & Stroock & Lavan LLP*, 133 AD3d 428, 428-429 [1st Dept 2015], *lv denied* 27 NY3d 904 [2016]).

The motion court properly granted Salamon's counsel leave to release to Salamon the amount of $66,152 held in escrow as a commercial tenant's security deposit. The closing statement for the building indicated that the security deposit would be released to Salamon in the event plaintiff failed to provide an estoppel letter within six months of the closing, which she failed to do. Moreover, pursuant to General Obligations Law § 7-105, "security deposits must be turned over to a purchaser of the premises or assignee of the lease" (*Gerel Corp. v Prime Eastside Holdings, LLC*, 12 AD3d 86, 90 [1st Dept 2004]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.