■ Sarah Weinberg, Respondent, v Leslie Sultan et al., Defendants. Kenneth J. Glassman, Nonparty Appellant. [42 NYS3d 789]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 17, 2016, which denied nonparty appellant's motion for an order allowing him to release funds held by him as escrow agent to pay legal fees owed to him by plaintiff, his former client, and granted the cross motion of nonparty Brennan Law Firm PLLC, plaintiff's successor counsel, to the extent of determining that the escrow funds should be transferred to that firm to be held in escrow, unanimously affirmed, without costs.

Appellant, who represented plaintiff in unsuccessful litiga-

tion seeking, among other things, to rescind the sale of a building that she had owned (*Weinberg v Sultan*, 142 AD3d 767 [1st Dept 2016]), held the net proceeds of that sale in escrow pursuant to a court-ordered stipulation "until further Order of the court" or until plaintiff "withdraws with prejudice the cause of action for rescission" of the sale. Although appellant participated in the agreement that resulted in the net sales proceeds being placed in escrow, he has no statutory charging lien as to those funds since they were not the proceeds of the "favorable result of litigation" (*Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [1st Dept 2005]; Judiciary Law § 475). Nor does appellant have a retaining lien that attaches to the escrow fund, since the funds came into his possession in his capacity as escrow agent, to be held by him as a fiduciary, subject to a stipulation governing disposition of the funds (*see PIK Record Co. v Eckstein*, 226 AD2d 122 [1st Dept 1996]; *Schelter v Schelter*, 206 AD2d 865 [4th Dept 1994]; *Marsano v State Bank of Albany*, 27 AD2d 411, 414 [3d Dept 1967], *appeal dismissed* 23 NY2d 1018 [1969]). Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.