■ ANDREA G., as Mother and Natural Guardian of D.W., an Infant, Appellant, v CITY OF NEW YORK et al., Respondents. [46 NYS3d 104]—

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered October 19, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's 13-year-old-son, D.W., was injured while running a hurdle race at a school sanctioned track-and-field event. He claims to have tripped and fallen when he failed to clear the third of three hurdles, which were between 8 and 15 inches high, and composed of two traffic cones with an unattached plastic stick placed on top.

As plaintiff does not address the motion court's rulings that defendant City of New York is an improper party, and that the

action as against defendant Randall's Island Sports Foundation, Inc., should be dismissed, those claims are deemed abandoned (*see e.g. Weinberg v Sultan*, 142 AD3d 767, 769 [1st Dept 2016]).

Defendant Department of Education (DOE) made a prima facie showing that it provided adequate supervision of D.W. (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]), as the event was supervised by numerous adults, including D.W.'s gym instructor; the hurdles were low and specifically designed so that if a runner hit them, the plastic stick would simply fall off, ensuring the runner's safety; and, as D.W. acknowledged, no other runners tripped and fell on a hurdle. It is also noted that D.W. stated both in his testimony and his affidavit that he successfully cleared the first two hurdles, and plaintiff does not suggest that D.W.'s tripping on the third hurdle could have been anticipated or prevented with more intense supervision by the adults present at the event.

In opposition, plaintiff failed to raise a triable issue of fact. To the extent plaintiff claims that the hurdles were improperly placed, it is unrefuted that they were initially placed by personnel from the Sports and Arts in Schools Foundation, not DOE, and plaintiff does not identify any DOE personnel who allegedly misplaced a hurdle in the lane where D.W. ran and fell. Furthermore, as previously noted, if a runner hit a hurdle, the plastic stick on top would simply have to be replaced, which would not affect the hurdles' overall placement. Plaintiff's argument that D.W. fell because he was permitted to run the hurdle race while wearing jeans is unavailing, since D.W. testified that his jeans were baggy and did not touch the ground, and they did not prevent him from successfully clearing the first two hurdles.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.