■ Kenneth J. Glassman, Appellant, v Sarah Weinberg, Respondent. [62 NYS3d 54]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 30, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his account stated claim and for summary judgment dismissing defendant's counterclaims and second, third, fourth, sixth, seventh, eighth, and tenth affirmative defenses, unanimously modified, on the law, to grant the motion to the extent of dismissing the affirmative defenses except for the sixth affirmative defense, and otherwise affirmed, without costs.

In May 2013, the parties entered into a retainer agreement pursuant to which plaintiff agreed to represent defendant in an action seeking rescission of the sale of a building in which defendant lived. Plaintiff commenced that action, and thereafter sent defendant invoices for legal services rendered through July 2015 in connection with that action and several other

matters. Ultimately, the "barebones" complaint in the rescission action was dismissed in its entirety (*Weinberg v Sultan*, 142 AD3d 767 [1st Dept 2016]). Plaintiff sought unsuccessfully to assert a charging or retaining lien over funds that he was holding in an escrow account (*Weinberg v Sultan*, 145 AD3d 598 [1st Dept 2016]), and then commenced this action to recover unpaid legal fees. Defendant asserted numerous affirmative defenses, and counterclaims for legal malpractice and breach of fiduciary duty.

Plaintiff made a prima facie showing of his entitlement to summary judgment on his account stated claim by providing documentary evidence of the invoices, and an affidavit stating that he sent the invoices on a monthly basis to defendant, and that defendant received the invoices and failed to object to the invoices until this litigation (*see L.E.K. Consulting LLC v Menlo Capital Group, LLC*, 148 AD3d 527, 528 [1st Dept 2017]; *Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51, 52 [1st Dept 2004]). In addition, defendant admitted in her answer that she had made partial cash payments on the invoices.

In opposition, defendant relied on the pleadings in her verified amended answer to raise issues of fact. However, with the exception of the sixth affirmative defense, defendant's vague and unsubstantiated allegations that the fees were excessive (second and seventh affirmative defenses), that invoices were not timely provided (tenth affirmative defense), that there were errors in some invoices (third affirmative defense), and that certain time entries were inappropriate (eight affirmative defense) are insufficient to raise an issue of fact and are therefore dismissed. Moreover, defendant retained the invoices without objecting until over 10 months after the last invoice was received, and her belated objections are insufficient to rebut the prima facie showing of an account stated (*see Abyssinian Dev. Corp. v Bistricer*, 133 AD3d 435, 436 [1st Dept 2015]). While defendant contends in the fourth affirmative defense that she did not agree that the fee rate set forth in the retainer agreement would apply to legal matters outside of the rescission action, she did not timely object to the rate charged for plaintiff's work on the other legal matters, which was clearly set forth in the invoices, and thus this defense is dismissed.

Defendant's sixth affirmative defense asserts that she never agreed to have plaintiff represent her in an article 81 proceeding commenced to appoint a guardian for her. As this defense, unlike the other defenses, pertains to the nature and scope of plaintiff's representation, she raised an issue of fact precluding

summary judgment as to the amounts billed in connection with the guardianship proceeding (*Epstein, Levinsohn, Bodine, Hurwitz & Weinstein, LLP v Shakedown Records, Ltd.*, 8 AD3d 34, 35-36 [1st Dept 2004]).

Nevertheless, plaintiff's motion for partial summary judgment on the account stated claim cannot be granted as to the other amounts billed, because plaintiff has not demonstrated entitlement to dismissal of defendant's legal malpractice counterclaims, which are sufficiently intertwined with the account stated claim so as to provide a bona fide defense (*see Emery Celli Brinckerhoff & Abady, LLP v Rose*, 111 AD3d 453, 454 [1st Dept 2013], *lv denied* 23 NY3d 904 [2014]). In support of his motion for summary judgment dismissing these counterclaims, plaintiff failed to make a prima facie showing that his representation of defendant met the applicable standard of professional care and/or did not proximately cause any damages (*see Rojas v Paine*, 125 AD3d 745, 746 [2d Dept 2015]). With respect to the services he provided in *Weinberg v Sultan*, plaintiff simply asserted that defendant and her daughter were unable to provide facts concerning the closing, but made no showing that his investigation of the case, preparation of the complaint, and conduct of the litigation met the standard of "ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]). Similarly, with respect to the other three legal malpractice counterclaims, plaintiff made conclusory assertions that he acted properly, without addressing defendant's allegations or submitting any evidentiary support. Since plaintiff did not meet his initial burden, the burden did not shift to defendant to raise an issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The motion court correctly sustained the counterclaims alleging plaintiff's breach of fiduciary duty. Plaintiff did not respond to the third counterclaim's allegation that his efforts to delay turnover of the escrowed funds were contrary to his fiduciary duty as an escrow agent. Further, plaintiff did not dispute the fourth counterclaim's allegation that he kept the escrowed funds in a noninterest bearing account, nor did he offer any legal support for his claim that this conduct did not breach a duty of care owed to defendant. Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.