Weinberg v Kaminsky (2018 NY Slip Op 07652)





Weinberg v Kaminsky


2018 NY Slip Op 07652


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


150869/17 7520 7519 7518 7517 7516 7515

[*1]Sarah Weinberg, Plaintiff-Appellant-Respondent,
v
David Kaminsky, et al., Defendants-Respondents, Jeffrey Asher, et al., Defendants-Respondents-Appellants.


Brennan Law Firm PLLC, New York (Kerry A. Brennan of counsel), for appellant-respondent.
Paduano & Weintraub LLP, New York (Leonard Weintraub of counsel), for respondents-appellants.
Gordon & Rees, New York (Ryan J. Sestack of counsel), for David Kaminsky, respondent.
Woods Lonergan PLLC, New York (Lawrence R. Lonergan of counsel), for Danielle Kaninsky, respondent.
Tarter Krinsky & Drogin LLP, New York (Michael E. Camporeale of counsel), for Linda Salamon and 371 West 46th Street Properties, LLC, respondents.
Bravermnan Greenspaun, P.C., New York (Kelly A. Ringston of counsel), for Leslie Sultan, respondent.



Order, Supreme Court, New York County (Manuel Mendez, J.), entered February 22, 2017, which denied plaintiff's motion for a stay of eviction, and order, same court and Justice, entered August 4, 2017, which, to the extent appealed from, granted defendants David Kaminsky, Danielle Kaminsky (together, the Kaminsky defendants), Jeffrey Asher, Robinson Brog Leinwand, Green, Genovese & Gluck P.C. (collectively, the Asher defendants), and Leslie Sultan's motion to dismiss the complaint as against them, denied the Asher defendants' motion for sanctions, and denied plaintiff's cross motion to amend the complaint, and order, same court and Justice, entered January 25, 2018, which granted defendants Linda Salamon and 371 West 46th Street Properties, LLC's (collectively, the Salamon defendants) motion to dismiss the complaint as against them and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.
The claims against Sultan and the Asher defendants are barred by the doctrine of res judicata (see Weinberg v Sultan, 142 AD3d 767 [1st Dept 2016] [affirming, inter alia, summary dismissal of legal malpractice claims]). Although the present claims against these defendants do not sound in malpractice, they arise out of the same transaction as the dismissed malpractice claims (see Matter of Josey v Goord, 9 NY3d 386, 389-390 (2007]). Further, they are duplicative of the dismissed malpractice claims, since they do not allege independent intentionally tortious conduct (see Atton v Bier, 12 AD3d 240, 242 [1st Dept 2004]).
The claims against the remaining defendants are not subject to dismissal under res judicata, because they were dismissed not on the proof but on the sufficiency of the pleadings (see Imprimis Invs. v Insight Venture Mgt., 300 AD2d 109, 110 [1st Dept 2002]). However, the instant complaint, while more verbose than the prior complaint, still fails to state a cause of action for "overreaching, undue influence and fraud" (see Weinberg v Sultan, 142 AD3d 767). Many of the allegations in the complaint and the proposed amended complaint are made upon information and belief, which is "not sufficient to establish the necessary quantum of proof to sustain allegations of fraud" (Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]).
In light of the deficiencies in the complaint, plaintiff could not show a likelihood of success on her claims; thus, the court properly denied her motion for injunctive relief (see Lee v 215 W. 88 St. Holdings, LLC, 106 AD3d 460 [1st Dept 2013]; CPLR 6301). The foregoing notwithstanding, the court providently exercised its discretion in denying the Asher defendants' motion for sanctions at this stage.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK