Drasche v Edelman & Edelman (2022 NY Slip Op 00044)





Drasche v Edelman & Edelman


2022 NY Slip Op 00044


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 153713/20 Appeal No. 14968-14968A Case No. 2021-00817 2021-00904 

[*1]Patricia Turso Drasche, Plaintiff-Appellant,
v
Edelman & Edelman, et al., Defendants-Respondents.


Jonah Grossman, Jamaica, for appellant.
Kaufman Dolowich & Voluck, LLP, Woodbury (Jonathan B. Isaacson of counsel), for respondents.



Judgment, Supreme Court, New York County (David Benjamin Cohen, J.), entered March 3, 2021, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered or about February 16, 2021, which granted defendants motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff retained defendant Edelman & Edelman, P.C. (the Edelman firm) to undertake an investigation and lawsuit against Banana Republic, LLC and/or The Gap, Inc. for injuries she allegedly sustained at the retail establishment. The Edelman firm commenced the underlying lawsuit in Supreme Court, New York County. The retainer agreement between the parties contained the following terms:
"Edelman & Edelman is authorized to enter into negotiations regarding possible settlement, but will not settle or compromise this matter without the prior express consent of the Client.
Edelman & Edelman will keep Client informed of the status of this matter and consult with Client when appropriate."
The underlying defendants ultimately prevailed on a motion for
summary judgment, which was affirmed by this Court in Turso-Drasche v Banana Republic, LLC (172 AD3d 485 [1st Dept 2019]). Plaintiff then commenced the instant action against the Edelman firm and two of its attorneys, asserting three causes of action, each of which sought to recover for alleged "damages" arising from defendants' failure to "advise" her of a purported settlement offer by the underlying defendants. The first cause of action sounded in negligence/malpractice, the second for breach of contract, and the third for violation of rule 1.4 of the New York Rules of Professional Conduct (22 NYCRR 1200.0).
We find that Supreme Court correctly dismissed the complaint in its entirety. Plaintiff's claim for legal malpractice is based upon a vague and conclusory assertion that after her deposition, counsel for the defendants in the underlying action made a settlement offer to her attorney, and that her attorney did not relay the offer to her. Regardless, the complaint fails to allege that plaintiff would have accepted the offer if she had known of it (see Rubenstein & Rubenstein v Papadakos, 31 AD2d 615, 615 [1st Dept 1968], affd 25 NY2d 751 [1969]).
Further, plaintiff fails to allege that, but for defendants' alleged negligence, she would have accepted the settlement offer and would not have sustained any damages (see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, 303 AD2d 561, 562 [2d Dept 2003], lv denied 100 NY2d 511 [2003]; Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, 286 AD2d 314, 316 [2d Dept 2001], lv denied 97 NY2d 611 [2002]).
To the extent that plaintiff bases her legal malpractice claim on rule 1.4(a)(1)(iii) of the Rules of Professional Conduct, an allegation of legal malpractice based on a violation of the disciplinary rules does not, without other allegations supporting the cause of action[*2], support a malpractice claim (Cohen v Kachroo, 115 AD3d 512, 513 [1st Dept 2014]).
Supreme Court also correctly dismissed the breach of contract claim as duplicative of the legal malpractice claim. The cause of action for breach of contract states that the actions supporting the malpractice claim also constitute a breach of the parties' retainer agreement. However, plaintiff fails to identify any damages arising from the purported breach of contract other than the lost opportunity to accept the alleged settlement offer (see Tsafatinos v Lee David Auerbach, P.C., 80 AD3d 749, 750 [2d Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022