| **Goldstein v Scott Seidler Family Trust** |
|:---:|
| 2025 NY Slip Op 31422(U) |
| April 22, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156268/2021 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    **HON. JUDY H. KIM** | **PART**    **04** |
| *Justice* | |

-----------------------------------------------------------------------------X

MARK I. GOLDSTEIN, as Executor of the Estate of DORON ZANANI,

                                  Plaintiff,

- v -

SCOTT SEIDLER FAMILY TRUST, STEPHANIE SEIDLER FAMILY TRUST, and STEVEN SEIDLER,

                                  Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156268/2021 |
| **MOTION DATE** | 03/10/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 54, 55, 56, 57, 83, 84, 85, 86, 87, 88, 89, 90, 91

were read on this motion for              PARTIAL SUMMARY JUDGMENT       .

Upon the foregoing documents, plaintiff's motion for summary judgment on his account stated claim and to dismiss defendants' second, third, and fourth counterclaims is denied, without prejudice.

On July 1, 2021, plaintiff Doron Zanani commenced a special proceeding, by notice of petition and petition alleging that defendants retained him to represent them in three lawsuits filed in New York State Supreme Court, Kings County, in 2014, 2018, and 2019 (the "Kings County Actions"), but discharged him on June 8, 2021, without cause (NYSCEF Doc No. 1, complaint at ¶¶6, 19, 22, 39, 58). Plaintiff further alleged that he contemporaneously emailed invoices for his services to defendants at various times between December 1, 2015, and June 3, 2021, which defendants received without objection and failed to pay (*id.* at ¶¶99, 102, 104). The petition asserted claims for breach of contract, unjust enrichment, and quantum meruit and sought a

**156268/2021 ZANANI, DORON vs. SCOTT SEIDLER FAMILY TRUST**
**Motion No. 003**

**Page 1 of 7**

1 of 7

[* 1]

declaratory judgment directing that the first $521,455.03 of any recovery in the Kings County Actions be paid to him (*id.* at ¶¶89-134).

Defendants interposed an Answer asserting various affirmative defenses and, as pertinent here, counterclaims for legal malpractice and breach of fiduciary duty based upon allegations that defendants informed plaintiff they wanted to settle the Kings County Actions for approximately $2,000,000.00 but plaintiff refused to convey an offer of $1,850,000.00 to them (because he "refused" to settle for less than $4,000,000.00) and, as a result, defendants eventually agreed to a settlement offer of $1,425,000.00 (NYSCEF Doc No. 34, Amended Answer at ¶¶74-78).

In decision and order dated November 4, 2021, the Court (Hon. Frank P. Nervo) denied the petition and dismissed the special proceeding without prejudice on the grounds that, inter alia, plaintiff had an adequate remedy of law in a plenary breach of contract action (NYSCEF Doc No. 77, decision and order). Justice Nervo noted, in passing, that "[t]he petition and answer present issues of fact as to whether petitioner committed malpractice or otherwise failed to render proper services" (*id.*).

That order was subsequently reversed by the Appellate Division, First Department, which converted the special proceeding to a plenary action, deemed the petition a complaint with respect to plaintiff's breach of contract and account stated claims, and remanded the matter for further proceedings (NYSCEF Doc No. 82, remittitur). In that decision, the Appellate Division

> decline[d] petitioner's request to construe the petition and answer as summary judgment papers and to summarily adjudicate his remaining claims at this stage. When a special proceeding is converted into a plenary action in accordance with CPLR 103(c), the petition is deemed a complaint, not a motion for summary judgment (*see Matter of David H. Berg & Assoc. v Weksler*, 193 AD3d 612, 613 [1st Dept 2021]). The record may present material issues of fact as to whether petitioner is entitled to recover under either remaining cause of action, or whether he committed legal malpractice, and these issues are for the motion court to address in the first instance …

**156268/2021   ZANANI, DORON vs. SCOTT SEIDLER FAMILY TRUST**                    **Page 2 of 7**
  **Motion No. 003**

2 of 7

[* 2]

(*id.* [emphasis added]).

Approximately three week after the Appellate Division issued this decision, and prior to the commencement of discovery, plaintiff filed the instant motion for summary judgment.[1] In this motion, plaintiff argues that he has established his prima facie case for account stated and that defendants' counterclaims should be dismissed because defendants' Answer does not allege that defendants would have accepted a settlement offer if it had been conveyed to them, a necessary element of a malpractice claim, citing *Drasche v Edelman & Edelman*, 201 AD3d 434, 435 (1st Dept 2022). Plaintiff also argues that defendants' assertion that he refused to convey settlement offers between defendants and the other litigants in the Kings County Actions is refuted by emails exchanged between Seidler and Zanani in 2020 and 2021 which, plaintiff asserts, establish that he conveyed a settlement offer of $2,500,000.00 to opposing counsel and relayed a settlement offer of $1,850,000.00 to defendants (*see* NYSCEF Doc No. 56, 58, 59).

In opposition, defendants argue that it is the law of the case that issues of fact preclude summary resolution of plaintiff's account stated claim and defendants' malpractice counterclaims. Defendant also submit an affirmation by defendant Steven Seidler reiterating the allegations in defendants' Answer and attesting that "[t]he conversations regarding the case and settlement of the actions were conducted both by telephone and email" and that the emails submitted by plaintiff "do not portray an accurate or truthful reflection of what was discussed and agreed between the parties" (NYSCEF Doc No. 88, Seidler aff. at ¶¶4-6).

---

[1] This action was stayed on December 21, 2023, due to the death of plaintiff (NYSCEF Doc No. 92, order) which stay was lifted on March 25, 2024, after the substitution of Mark I. Goldstein as executor of plaintiff's estate (NYSCEF Doc No. 97, order).

**156268/2021   ZANANI, DORON vs. SCOTT SEIDLER FAMILY TRUST**
**Motion No.  003**

**Page 3 of 7**

3 of 7

[* 3]

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]).

As a threshold matter, the law of the case does not bar this motion. Contrary to defendants' claim, the Appellate Division did not conclude that issues of fact existed but left that determination for the trial court to make "in the first instance." In any event, plaintiff has submitted additional materials on this motion that were not previously before the trial court or Appellate Division (*see Massey v Byrne*, 164 AD3d 416, 416-17 [1st Dept 2018] [the law of the case "operates to foreclose re-examination of the question absent a showing of subsequent evidence…"]). Accordingly, the Court turns to the merits of the motion.

The Court first addresses the branch of plaintiff's motion to dismiss defendants' second, third, and fourth counterclaims. While the motion is denominated as seeking summary judgment pursuant to CPLR 3212, plaintiff offers arguments pursuant to both CPLR 3211 and 3212, neither of which succeed. Plaintiff's argument that defendants' counterclaims are insufficiently pled relies on *Drasche v Edelman & Edelman* but in that case, the Appellate Division concluded that the complaint was properly dismissed because plaintiff failed to allege that "but for defendants' alleged negligence, she would have accepted the settlement offer and would not have sustained

**156268/2021   ZANANI, DORON vs. SCOTT SEIDLER FAMILY TRUST**
**Motion No.  003**

**Page 4 of 7**

[* 4]

4 of 7

any damages" (*Drasche v Edelman & Edelman*, 201 AD3d 434, 435 [1st Dept 2022] [internal citations omitted]) whereas defendants here have alleged that they were prevented from accepting an offer of $1,850,000.00 and eventually settled for $425,000.00 less than that amount.

Neither has plaintiff establishes his entitlement to summary judgment dismissing these counterclaims. As an initial matter, this motion is premature, as it was filed "prior to the preliminary conference or the opportunity of the parties to conduct discovery" (*Downey v Local 46 2nd Holding Co.*, 34 AD3d 318 [1st Dept 2006] citing *Bradley v Ibex Constr. LLC*, 22 AD3d 380 [1st Dept 2005]; *see also Sanchez v City of New York*, 43 Misc 3d 1211(A) [Sup Ct, Bronx County 2014]).

Even setting this aside, however, plaintiff has "failed to make a prima facie showing that his representation of defendant met the applicable standard of professional care and/or did not proximately cause any damages" (*Glassman v Weinberg*, 154 AD3d 407, 409 [1st Dept 2017] [internal citations omitted]). The hundreds of pages of selected emails between Seidler and plaintiff submitted are insufficient to do so, particularly in the face of Seidler's sworn representation that he had telephone conversations with plaintiff about settling the Kings County Actions by telephone which are not accurately reflected in these email. In addition, plaintiff's February 4, 2020 email to Seidler appears to discuss the possibility that a future recovery in the Kings County Actions may be limited to $1,850,000.00 but does not, on its face, indicate that this amount was a settlement offer from opposing counsel. Accordingly, this email is insufficient to rebut defendants' allegation that plaintiff failed to relay a settlement offer in this amount to them. Given the disputed issue of fact as to whether plaintiff conveyed all settlement offers to defendants and whether he was discharged for cause, plaintiff's motion for summary judgment dismissing

156268/2021   ZANANI, DORON vs. SCOTT SEIDLER FAMILY TRUST
Motion No.  003

Page 5 of 7

5 of 7

defendants' counterclaims is denied (*see Brill & Meisel v Brown*, 113 AD3d 435, 436 [1st Dept 2014]).

The foregoing mandates the denial of the branch of plaintiff's motion seeking summary judgment on his account stated claim. It is well-settled that "[i]f a defendant client's legal malpractice claim is intertwined with a plaintiff law firm's claim for legal fees, the plaintiff will not be entitled to summary judgment on its account stated claim" (*Emery Celli Brinckerhoff & Abady, LLP v Rose*, 111 AD3d 453, 454 [1st Dept 2013]) and since the "alleged conduct which forms the basis for the malpractice [counterclaims] occurred during the billing period at issue," the account stated claim and malpractice counterclaims here are sufficiently "intertwined" such that summary judgment is inappropriate[2] (*Reem Contr. v Altschul & Altschul*, 2022 NY Slip Op 34430[U], 15 [Sup Ct, NY County 2022] [internal citations omitted]).

Accordingly, it is

**ORDERED** that plaintiff's motion for summary judgment is denied without prejudice to renewal at the completion of discovery; and it is further

**ORDERED** that defendants shall, within ten days of the date of this decision and order, serve a copy of this decision and order, with notice of entry, upon plaintiff as well as upon the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

---

[2] The Court declines defendants' request to sanction plaintiff pursuant to 22 NYCRR 130-1.1.

**156268/2021   ZANANI, DORON vs. SCOTT SEIDLER FAMILY TRUST**   **Page 6 of 7**
  **Motion No.  003**

6 of 7

**ORDERED** that the parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on June 12, 2025, at 9:30 a.m.

This constitutes the decision and order of the Court.

|  |  |
|---|---|
| **4/22/2025** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]