MILTON SIEGEL, Respondent, *v.* HENRY FIPPINGER, INC., Appellant.

First Department, May 22, 1942.

*Benjamin Cohen*, for the appellant.

*Stanley Boriss*, for the respondent.

UNTERMYER, J. The plaintiff, an attorney, maintains this action to recover from the defendant, a licensed real estate brokerage firm, a sum equal to one-third of the commissions paid to the defendant by Silpas Properties, Inc., for brokerage services rendered in connection with the sale of property. In connection with the sale, one Freedman, though not a licensed real estate broker, acted as the defendant's cobroker. Because he was not licensed, he would be precluded by section 442 of the Real Property Law from recovering any part of the commission.

In order to secure or pay an indebtedness to the plaintiff, Freedman procured from the defendant a letter, dated September 6, 1940, addressed to the plaintiff, which stated: " In the event that we receive the $1,000 commission on the sale of the above property from Silpas Properties, Inc., to Maryland Holding Corp., we shall pay you ⅓ of said amount as your share of the commission."

Upon this state of facts the plaintiff has recovered one-third of the commissions received by the defendant, apparently upon the theory that although Freedman, the unlicensed cobroker, could not have recovered any part of the commissions, the plaintiff who, as an attorney, is exempt from the prohibition applicable to Freedman (Real Prop. Law, § 422-f), may nevertheless enforce the terms of the defendant's letter of September 6, 1940. The plaintiff further contends that he is not an assignee of Freedman but that he occupies the position of a third party beneficiary under the arrangement by which the defendant agreed to pay to him one-third of its commission.

We think that neither contention can be sustained. Whatever rights the plaintiff may have are derived through Freedman and exist only in consequence of the unlawful transaction in which he was engaged. (Real Prop. Law, § 442-e.) Since the transaction between Freedman and the defendant was illegal and their contract void (Real Prop. Law, § 442-d), no right to enforce it could be acquired either by assignment or otherwise. It was not purged of invalidity by transfer to a party who might lawfully have made a contract for brokerage.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the defendant in all courts.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant in all courts.