■ City Center Real Estate, Inc., Respondent, v David M. Berger, Appellant, et al., Defendants. [833 NYS2d 75]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered February 15, 2006, which, in this action involving a dispute over a real estate brokerage fee, inter alia, granted plaintiff's motion for summary judgment, declaring the cobrokerage agreement at issue unenforceable, unanimously affirmed, with costs.

Although it is true that defendant-appellant as an attorney is authorized to act as a real estate broker under Real Property Law § 442-f, that statute does not confer upon him rights

greater than those of a licensed broker, and a licensed broker may not recover a commission based on a cobrokerage agreement involving an unlicensed cobroker (*see* Real Property Law §§ 442, 442-d; *and see Siegel v Henry Fippinger, Inc.*, 264 App Div 203, 204 [1942]; *Meltzer v Crescent Leaseholds, Ltd.*, 315 F Supp 142 [SD NY 1970], *affd* 442 F2d 293 [1971]). The intent of the licensing requirement under the Real Property Law, i.e., "to protect the public from inept, inexperienced, or dishonest persons who might perpetrate or aid in the perpetration of fraud" (*Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]), would be undermined if such cobrokerage agreements were enforceable, even in part. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Kavanagh, JJ.