■ GOOD LIFE REALTY, INC., Appellant, v MASSEY KNAKAL REALTY OF MANHATTAN, LLC, Also Known as MASSEY KNAKAL REALTY SERVICES, Respondent. [940 NYS2d 64]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 11, 2011, which granted defendant's mo-

tion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

Plaintiff failed to show that it was the "procuring cause" of the sale of the cooperative unit so as to qualify for a real estate brokerage commission (*see Greene v Hellman*, 51 NY2d 197, 205-206 [1980]). Plaintiff's principal made the buyer aware that the unit was being offered for sale, but there was no "direct and proximate link" between that "bare introduction and the consummation" (*see id.* at 206). Plaintiff's principal did not introduce the buyer to the seller, did not show the unit to the buyer, did not negotiate the sale price, did not personally see the unit, did not attend the closing, and had no contact with defendant, the broker exclusively responsible for listing the property (*see id.*; *Manning v Briar Hall N.*, 151 AD2d 650 [1989]; *Taibi v American Banknote Co.*, 135 AD2d 810 [1987], *lv denied* 72 NY2d 803 [1988]).

Moreover, plaintiff and Joseph Klaynberg, the unlicensed third party who allegedly performed brokerage services on plaintiff's behalf, admitted that neither of them had entered into a co-brokerage agreement with defendant (*see Brandenberg v Waters Place Assoc., L.P.*, 17 AD3d 615 [2005]).

In any event, plaintiff was barred by Real Property Law § 442-d from recovering a co-brokerage commission based upon services rendered by Klaynberg, because Klaynberg was not a duly licensed real estate broker or salesperson (*see City Ctr. Real Estate, Inc. v Berger*, 39 AD3d 267 [2007], *lv denied* 9 NY3d 814 [2007]; *Siegel v Henry Fippinger, Inc.*, 264 App Div 203 [1942]).

Plaintiff's claim for money had and received is without merit. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30048(U).]**