NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3056
_____

YSM REALTY, INC.; DAVID SCOP,

Appellant

v.

MARVIN GROSSBARD; PRESIDENT CONTAINER, INC.;
SP REALTY ASSOCIATES II, LLC.


On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-10-cv-05987
District Judge: The Honorable Jose L. Linares

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 19, 2013

Before: RENDELL, SMITH, and ROTH, *Circuit Judges*

(Filed: August 7, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

In late May of 2007, David Scop, a licensed real estate broker in New York and owner of YSM Realty, agreed to assist President Container, Inc. (PCI), in finding a new site for its manufacturing operations. PCI's president, Marvin

1

Grossbard, allegedly told Scop at the time that he would pay Scop a commission if the property's seller would be unwilling to pay it. Scop later dealt with Heshy Zweig, who Scop believed to be a licensed New York real estate broker. Scop learned from Zweig of a possible property in Wallkill, New York, for PCI and agreed to split any commission he received with Zweig. Eventually PCI's wholly owned subsidiary SP Realty II, LLC purchased the Wallkill property initially identified by Zweig. When the seller would not cover Scop's commission, PCI refused to pay it. Scop sued PCI, Grossbard, and SP Realty to recover his commission.

Discovery revealed that Zweig was not a licensed real estate broker. PCI, Grossbard, and SP Realty moved for summary judgment on this basis in light of New York's Real Property Law §§ 442 and 442-d, which preclude a licensed real estate broker from recovering a commission if it is to be shared with an unlicensed broker. *Good Life Realty, Inc. v. Massey Knakal Realty of Manhattan, LLC*, 940 N.Y.S.2d 64, 65 (N.Y. App. Div. 2012) (citing *City Ctr. Real Estate, Inc. v. Berger*, 833 N.Y.S.2d 75, 76 (N.Y. App. Div. 2007); *Siegel v. Henry Fippinger, Inc.*, 34 N.Y.S.2d 894 (N.Y. App. Div. 1942)) (concluding that plaintiff broker "was barred by Real Property Law § 442-d from recovering a cobrokerage commission based upon services rendered by [another, who] was not a duly licensed real estate broker or salesperson"). In a thorough opinion, the District

Court agreed with PCI, Grossbard, and SP Realty and granted summary judgment in their favor. This timely appeal followed.[1]

For substantially the reasons set forth by the District Court, we conclude that the Court appropriately granted summary judgment in favor of PCI, Grossbard, and SP Realty. Scop candidly acknowledges that he had agreed to pay Zweig half of his commission. It is undisputed that Zweig was not licensed at the time of his involvement in this matter. As a consequence, New York law precludes Scop from recovering his commission.

We will affirm the judgment of the District Court.

---

[1] The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332. We exercise final order jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008).