■ DSA Realty Services, LLC, Respondent, v Marcus & Millichap Real Estate Investment Services of New York, Inc., Appellant. [9 NYS3d 56]—

Order, Supreme Court, New York County (George J. Silver, J.), entered February 21, 2014, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, without costs, and the motion to dismiss granted pursuant to CPLR 3211 (a) (1). The Clerk is directed to enter judgment accordingly.

In this action to recover a real estate broker commission fee,

plaintiff, a licensed real estate brokerage firm, alleges that it referred a purchaser to defendant, and that, pursuant to an oral agreement between it and defendant, it is entitled to half of the brokerage commission earned by defendant on the sale of a building to that purchaser. In support of its motion to dismiss on the basis of documentary evidence, defendant submitted an affidavit from its investment associate, to which a letter from plaintiff's chairman and officer, Ari Lifshitz, was annexed. The letter requested confirmation from defendant that a "referral fee" would be owed upon the closing of the sale of the building, because "[a]ll parties concerned are in agreement that I introduced you to [the purchaser] and thus earned my fee." Defendant also submitted documentary evidence that Lifshitz is not licensed to act as a real estate broker or salesman in New York, which plaintiff does not dispute.

The motion to dismiss should have been granted. Plaintiff cannot recover a real estate commission or fee, because Lifshitz, the person who provided the alleged broker services on its behalf, is not duly licensed as required by Real Property Law § 442-d (*Good Life Realty, Inc. v Massey Knakal Realty of Manhattan, LLC*, 93 AD3d 490, 491 [1st Dept 2012]; *Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd.*, 19 AD3d 582 [1st Dept 2005]). Although the factual assertions in the associate's affidavit do not constitute documentary evidence (*see Flowers v 73rd Townhouse LLC*, 99 AD3d 431, 431 [1st Dept 2012]), the annexed letter from Lifshitz may be considered as documentary evidence since there is no dispute as to its genuineness, and its content is "essentially undeniable" (*Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432 [1st Dept 2014]).

Plaintiff's argument that it is entitled to the commission because Lifshitz was working in a clerical fashion at the direction of its president, Jesse Rhinier, a licensed broker who oversees all of the brokerage services performed by plaintiff, is unavailing. A licensed broker is barred from recovering a commission when the individual who actually performed the brokerage services is not licensed (*see Good Life Realty, Inc.*, 93 AD3d at 491; *City Ctr. Real Estate, Inc. v Berger*, 39 AD3d 267 [1st Dept 2007], *lv denied* 9 NY3d 814 [2007]).

Plaintiff did not preserve its argument that the Lifshitz letter is inadmissible because it includes a settlement offer. In any event, the portion of the letter relied on by defendant is not an offer of settlement, but an admission of fact (*Central Petroleum Corp. v Kyriakoudes*, 121 AD2d 165, 165 [1st Dept 1986], *lv dismissed* 68 NY2d 807 [1986]).

The evidence that Lifshitz was unlicensed and was the only person who communicated with defendant on behalf of plaintiff also establishes that plaintiff's claim to recover based on an oral commission agreement is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [10]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.