Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about June 13, 2016, which, to the extent appealed from as limited by the briefs, denied defendants’ motion to dismiss the third cause of action alleging violation of General Business Law § 349, unanimously reversed, on the law, with costs, and the motion granted.
 

 This is essentially a private contract dispute unique to the parties (see e.g. New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [1995]). Even if, arguendo, defendant Architecture Work, PC. (Archwork) engaged in consumer-oriented conduct by placing statements on its website, those statements were not “likely to mislead a reasonable consumer acting reasonably under the circumstances” (Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26 [1995]); instead, they were mere puffery (see e.g. MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497, 498 [1st Dept 2014]). Furthermore, even if the statements on Archwork’s website were deceptive, they did not cause plaintiff’s injury. Rather, plaintiff’s alleged injury was a result of specific acts and omissions by the individual defendant, such as failing to provide constructible drawings, redesigning the apartment’s windows and doors without authorization, and failing to coordinate the project.
 

 Concur — Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.