Lloyd's Syndicate 2987 v Furman Kornfeld & Brennan, LLP (2020 NY Slip Op 02365)





Lloyd's Syndicate 2987 v Furman Kornfeld & Brennan, LLP


2020 NY Slip Op 02365


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11403 160612/18

[*1]Lloyd's Syndicate 2987, et al., Plaintiffs-Respondents,
v
Furman Kornfeld & Brennan, LLP, et al., Defendants-Appellants.


L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City (Marian C. Rice and James D. Spithogiannis of counsel), for appellants.
Nagel Rice LLP, New York (Bruce Nagel of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 20, 2019, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this legal malpractice action, plaintiffs allege that they sustained damages when they relied on defendants' negligent advice that they could disclaim coverage of their insured in an underlying malpractice action. In support of their motion to dismiss, defendants properly relied on documentary evidence, including the challenged disclaimer letter and the relevant policy, since their authenticity is undisputed and their contents are "essentially undeniable" (see DSA Realty Servs., LLC v Marcus & Millichap Real Estate Inc. Servs. of N.Y., Inc., 128 AD3d 587 [1st Dept 2015]; see also Kaplan v Conway & Conway, 173 AD3d 452, 453 [1st Dept 2019]; CPLR 3211[a][1]). The disclaimer letter sets forth an analysis of plaintiffs' right to refuse coverage to their insured on two independent bases. Plaintiffs' failure to allege with specificity or argue that one of the two bases for defendants' advice was incorrect, requires dismissal of this legal malpractice action.
Aside from this, defendants' alleged malpractice concerning other issues is subject to the attorney-judgment rule (see Rosner v Paley, 65 NY2d 736 [1995]). Since plaintiffs failed to show that the issues were elementary or subject to settled authority, defendants could not be liable for malpractice based on their prediction of how a court would interpret the policy (see id.; Byrnes v Palmer, 18 AD 1 [2d Dept 1897], affd 160 NY 699 [1899]).
Further, plaintiffs' failure to explain how it was that any alleged error by defendants prejudiced their defense in the subsequent coverage action also mandates dismissal of the malpractice claim (see Brookwood Cos., Inc. v Alston & Bird LLP, 146 AD3d 662, 667 [1st Dept 2017]).
The breach of contract claim, based on the allegations, is also subject to dismissal for the same reasons, and as duplicative of the malpractice claim (see Courtney v McDonald, 176 AD3d 645 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK