Nadler v Samadi (2020 NY Slip Op 06718)





Nadler v Samadi


2020 NY Slip Op 06718


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 805464/17 805118/18 805119/18 Appeal No. 12392 Case No. 2019-4411 2019-4414 2019-4418 

[*1]Peter Nadler et al., Plaintiffs,
v
David B. Samadi, M.D., et al., Defendants-Appellants. 
Kenneth Pabon et al., Plaintiffs,
v
David B. Samadi, M.D., et al., Defendants-Appellants.
Robert Ross et al., Plaintiffs-Respondents,
v
David B. Samadi, M.D., et al., Defendants-Appellants.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for David B. Samadi, M.D. and David B. Samadi, M.D., P.C., appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Nicholas Tom of counsel), for Lenox Hill Hospital and Northwell Health, Inc., appellants.
The Jacob Fuchsberg Law Firm, LLP, New York (Edward J. Hynes of counsel), for respondents.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 22, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss the demand for punitive damages and granted plaintiffs' cross motion to amend the complaint to add a cause of action under General Business Law § 349, unanimously modified, on the law, to deny plaintiffs' motion, and otherwise affirmed, without costs.
The proposed amended complaint fails to state a cause of action under General Business Law § 349. The allegations that misrepresentations were made to plaintiff Robert Ross and similarly situated patients about who would or did operate on them do not describe consumer-oriented conduct (Karlin v IVF Am., 93 NY2d 282, 293-294 [1999]). As to the allegations that defendants' websites contained false and misleading advertisements about defendant Dr. David Samadi and his services, the misstatements identified by plaintiffs either are not material or are puffery and therefore do not describe deceptive conduct (see Karlin, 93 NY2d at 293; Loeb v Architecture Work, P.C., 154 AD3d 616 [1st Dept 2017]).
Reading the complaint liberally, as required on a motion to dismiss, we find that plaintiffs requested punitive damages on all of their causes of action, including the surviving claim for medical malpractice, and that the court correctly declined to dismiss the request. At this early stage, the allegations that defendants colluded in a scheme whereby they would systematically and knowingly misrepresent to urology patients that Dr. Samadi would or did operate on them are sufficient to plead the sort of wanton dishonesty and fraudulent motive required to support a request for punitive damages in a medical malpractice action (see Dupree v Giugliano, 20 NY3d 921, 924 [2012]). Contrary to defendants Lenox Hill Hospital and Northwell Health, Inc.'s contention, the complaint sufficiently alleges that they were complicit in Dr. Samadi's conduct by alleging that they ratified his conduct by falsifying operative reports or bills, approving his improper billing of simultaneous surgeries, or failing to take action against him.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020