Menkes v Solomon & Cramer LLP (2022 NY Slip Op 01740)





Menkes v Solomon & Cramer LLP


2022 NY Slip Op 01740


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 650767/20 Appeal No. 15527 Case No. 2021-02452 

[*1]Sheryl R. Menkes, Plaintiff-Appellant,
v
Solomon & Cramer LLP et al., Defendants-Respondents.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Kaufman Dolowich & Voluck, LLP, New York (Anthony J. Proscia of counsel), for respondents.



Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered June 23, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's legal malpractice claim was correctly dismissed in accordance with CPLR 3211(a)(7) for failure to state a cause of action. Even accepting plaintiff's allegations as true, the complaint contains only conclusory allegations that any negligence by defendants in not raising an affirmative claim for interest in a fee dispute between plaintiff and two attorneys was the "but for" cause of plaintiff's alleged damages (AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]; Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50 [2015]). Plaintiff's contention that the motion court in the fee dispute would have awarded her predecision interest pursuant to CPLR 5001 is at best speculative (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, 443 [2007]; see also Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583, 589-590 [2007]).
Nor does the fact that defendants signed a stipulation on plaintiff's behalf, releasing the holder of the escrow account from liability, constitute malpractice. Plaintiff, an experienced personal injury attorney, executed an affirmation in which she agreed to most of the terms proffered by the escrow counsel, one of which released him from any liability once the amounts in the account were distributed. As a result, defendants' execution of a stipulation containing largely the same language was consistent with plaintiff's express representations and not the "but for" cause of any alleged loss. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022