Ozimek v DiJoseph (2022 NY Slip Op 02345)

Ozimek v DiJoseph

2022 NY Slip Op 02345

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 156095/18 Appeal No. 15679 Case No. 2020-05018 

[*1]Nancy A. Ozimek etc., et al., Plaintiffs-Appellants,
v
Arnold E. DiJoseph et al., Defendants-Respondents.

Andrew Lavoott Bluestone, New York, for appellants.
Furman Kornfeld & Brennan LLP, New York (Benjamin M. Oxenburg of counsel), for Arnold E. DiJoseph and The Law Office of Arnold DiJoseph, respondents.
Catalano Gallardo & Petropoulos, LLP, Jericho (Matthew K. Flanagan of counsel), for The Ashley Law Firm, PLLC and Mitchel Ashley, respondents.

Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered July 30, 2020, bringing up for review an order, same court and Justice, entered June 18, 2020, which granted defendants' motions to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.
Plaintiffs commenced this action against former counsel, asserting causes of action for legal malpractice and breach of fiduciary duty based on defendants' discontinuance of medical malpractice claims against a radiologist. The motion court properly dismissed the complaint for failure to state a cause of action.
According plaintiffs every possible favorable inference, the allegations in the complaint do not show a meritorious claim against the radiologist and thus, do not plead proximate cause sufficient to support a cause of action for legal malpractice (see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; CPLR 3211[a][7]). To the extent plaintiffs rely on an expert affidavit from the underlying medical malpractice action, that document does not remedy the complaint's defective pleading of proximate cause (see generally Leon, 84 NY2d at 88; Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]). The breach of fiduciary duty cause of action is duplicative of the deficient legal malpractice cause of action as both are premised on the same core facts, discontinuance of the claims against the radiologist, and seek essentially the same relief, money damages attributable to the discontinued claims (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]). Even if the complaint were read to seek distinct damages on the breach of fiduciary duty cause of action, that cause of action would nevertheless fail on proximate cause (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10-11 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022