Jarmuth v Wagner (2023 NY Slip Op 04820)

Jarmuth v Wagner

2023 NY Slip Op 04820

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 161816/19 Appeal No. 642 Case No. 2023-00820 

[*1]Sandra Jarmuth, Plaintiff-Appellant,
v
Steven Wagner, et al., Defendants-Respondents, 36 East 69th Corp., Nominal Defendant.

Law Office of Errol Brett, Lido Beach (Errol A. Brett of counsel), for appellant.
Furman, Kornfeld & Brennan, LLP, New York (Spencer A. Richards of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered October 31, 2022, which granted defendants' motions to dismiss the complaint by a cooperative shareholder asserting a claim of legal malpractice on behalf of nominal defendant 36 East 69th Corp., unanimously affirmed, without costs.
To properly plead a cause of action for legal malpractice, a plaintiff must allege negligence on the part of the attorney, that the attorney's conduct was the proximate cause of the injury to plaintiff, and that plaintiff suffered actual and ascertainable damages (see RTW Retailwinds, Inc. v Colucci & Umans, 213 AD3d 509, 510 [1st Dept 2023]).
Here, the complaint's allegations are too vague and lacking in specificity with respect to the purportedly negligent legal advice given to the co-op concerning the settlement of an underlying action and the status of its contractual right to recover legal fees incurred in that action to permit any assessment of whether the advice was incorrect, let alone negligent. This failure by plaintiff to adequately allege negligence on the part of defendant attorneys requires dismissal of this legal malpractice action (see Lloyd's Syndicate 2987 v Furman Kornfeld & Brennan, LLP, 182 AD3d 487, 488 [1st Dept 2020]). In any event, plaintiff cannot point to settled law that refutes and renders negligent the alleged legal opinion in connection with this particular fee provision, which has facial ambiguities as to its scope and applicability.
Moreover, even if the advice and conduct detailed by plaintiff in her appellate brief had adequately been alleged and sufficient to satisfy the pleading element of attorney negligence, dismissal of the malpractice claim would still be required because plaintiff did not, and cannot, adequately plead that this advice and conduct was the proximate cause of damage suffered by the co-op. The complaint contains no nonconclusory allegations suggesting that the purported negligence by defendants was the "but for" cause of the co-op sustaining actual damages (see Drasche v Edelman & Edelman, 201 AD3d 434, 435 [1st Dept 2022], lv denied 38 NY3d 906 [2022]; Silverstein v Pillersdorf, 199 AD3d 539, 540 [1st Dept 2021]). Had the complaint included the allegations raised by plaintiff on appeal, they still would not
have pleaded proximate cause sufficient to support the legal malpractice claim (see e.g. Ozimek v DiJoseph, 204 AD3d 448 [1st Dept 2022], lv denied 38 NY3d 911 [2022]; Menkes v Solomon & Cramer LLP, 203 AD3d 514 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023