Dobkin v HUB INTL. LTD. (2023 NY Slip Op 06803)

Dobkin v HUB INTL. LTD.

2023 NY Slip Op 06803

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 650444/22 Appeal No. 803 Case No. 2022-03716 

[*1]Eric S. Dobkin et al., Plaintiffs-Appellants,
v
HUB INTERNATIONAL LIMITED et al., Defendants-Respondents.

Kasowitz Benson Torres LLP, New York (Andrew R. Kurland of counsel), for appellants.
Goldberg Segalla LLP, New York (Peter J. Biging of counsel), fort respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered July 29, 2022, which, insofar as appealed from, granted defendants' motion to dismiss the claims under General Business Law §§ 349 and 350, unanimously affirmed, without costs.
Assuming plaintiffs satisfied the threshold requirement that the deceptive practices at issue be "consumer oriented" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 27 [1995]), the complaint nevertheless failed to sufficiently allege that the injury suffered was a result of any alleged deception. Plaintiffs' own allegations demonstrated that they were aware of the true nature of the services provided by defendants, as the parties had a business relationship for some 30 years.
For example, the complaint alleged that in 2015 plaintiffs determined that one of defendants' policy recommendations—specifically as to coverage for plaintiffs' valuable possessions including a rare book collection—was "inadequate" and "worthless." As to that recommendation, plaintiffs concluded that "specifically itemizing their valuable physical possessions would provide far superior coverage than" the "blanket" policy defendants proposed. In another instance, in 2016, defendants were "purportedly in the midst of 'a complete review of [plaintiffs'] entire personal insurance program through HUB,'" but the review's results were never provided.
The complaint also alleged that, in advance of the 2021 loss at issue, defendants' 2019 and 2020 coverage recommendations amounted to "a general and vague laundry list of potential commercial coverages," and that such recommendations were made only to plaintiff foundation and not also to the individual plaintiffs. The complaint thus demonstrated that plaintiffs were aware of the character and quality of defendants' services well before the alleged loss. Plaintiffs were therefore further aware that they were not receiving the personalized risk management and coverage recommendation services allegedly promised.
Accordingly, plaintiffs' own allegations established their knowledge of any alleged deception and, moreover, that they were not injured by the alleged deceptive practices (see Oswego, 85 NY2d at 27; see also Loeb v Architecture Work, P.C., 154 AD3d 616, 617 [1st Dept 2017] [dismissal of General Business Law § 349 claim warranted where specific acts and omissions, as opposed to statements on website, caused alleged injury]).
In addition, the complaint acknowledged that at least one of defendants' coverage recommendations was "worthless," with plaintiffs preferring coverage in a manner plaintiffs determined themselves. Therefore, plaintiffs' ultimate claim—that had defendants recommended coverage particular to the cybercrime loss that subsequently occurred, they would have purchased it, thus obviating the loss—rests on speculative causation insufficient to support their causes of action under General Business Law §§ 349 and 350.
As our decision to affirm rests [*2]solely on plaintiffs' failure to state the relevant causes of action, we decline to address the parties' contentions regarding the submitted documentary evidence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023