| **Minkoff v Creative Manhattan, Inc.** |
|:---:|
| 2024 NY Slip Op 30376(U) |
| January 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651691/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. LYLE E. FRANK                    PART            11M

*Justice*

-------------------------------------------------------------------------------X

ALYSEE DEE MINKOFF,

INDEX NO.        651691/2023

MOTION DATE      07/21/2023

Plaintiff,

MOTION SEQ. NO.      001

- v -

CREATIVE MANHATTAN, INC.,ANTIS CONTRACTING
CORP., PAUL MARCOS, MERLIN LAW GROUP, P.A.

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 60, 61

were read on this motion to/for _____ DISMISS _____.

This action arises out of an alleged breach of contract. Defendant Merlin Law Group, P.A. ("MLG"), moves, pursuant to CPLR § 3211(a)(1) and (a)(7), to dismiss the thirteenth, fourteenth and fifteenth causes of action in the complaint[1]. Plaintiff opposes the instant motion. For the reasons set forth below, defendant's motion is granted[2].

*Background*

MLG is a law firm that previously represented plaintiff in connection with a still pending insurance coverage and property damage action relating to plaintiff's apartment. The underlying action arose from damage to plaintiff's apartment and its contents from a water leak.

The instant action arises out of allegations that the construction defendants, Creative Manhattan, Inc., Antis Contracting Corp., and Paul Marcos, misrepresented work being completed and charged for work that was not done and items not received. Plaintiff hired MLG

_____

[1] These are the only causes of action alleged against MLG.
[2] The Court would like to thank Lillian Garber for her assistance in this matter.

**651691/2023 Motion No. 001**                                        **Page 1 of 6**

to represent her in the underlying action and granted it a limited power of attorney. Plaintiff contends that MLG exceeded its authority by paying the construction defendants in excess of the amounts earned and owed.

*Discussion*

For the purposes of this motion, the court accepts the allegations in the complaint as true and interprets the complaint liberally (*see Alden*, 159 AD3d at 621-622). Moreover, it gives plaintiff "the benefit of every . . . favorable inference" and "determine[s] only whether the facts as alleged fit within any cognizable legal theory" (*Gottlieb v Wynne*, 159 AD3d 799, 800 [2nd Dept 2018]).

Notwithstanding the broad pleading standard, a plaintiff's bald legal conclusions, unsupported by factual specificity, will not withstand a motion to dismiss. S*ee Godfrey v Spano*, 13 NY3d 358, 373 [2009]. "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

"In a motion to dismiss pursuant to CPLR § 3211 (a) (1), the defendant has the burden of showing that the relied-upon documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fortis Fin. Servs., LLC v Fimat Futures USA, Inc.*, 290 AD2d 383, 383 [1st Dept 2002] internal quotations and citations omitted). Further, dismissal pursuant to CPLR § 3211(a)(1) is warranted where documentary evidence "conclusively establishes a defense to the asserted claims as a matter of law." *Gottesman Co. v A.E.W, Inc.*, 190 AD3d 522, 24 [1st Dept 2021].

Although defendants cite to emails as documentary evidence, this Court does not find that those emails qualify as documentary evidence. As such, the Court looks only to the pleadings in this action, as well as the filed responses to interrogatories in the related action (NYSCEF Doc. 47) to determine whether plaintiff's causes of action survive.

The crux of plaintiff's arguments and allegations against MLG is that it paid the contractor defendants the entire amount of the job without authorization and to plaintiff's detriment.

Fraud- Thirteenth Cause of Action

The Court finds that plaintiff's complaint fails to state a claim for fraud and plaintiff's affidavit in opposition to the motion does not contain factual allegations to amplify the pleadings with respect to this cause of action.

"To establish fraud, a plaintiff must show a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 151 AD3d 83 at 85 [1st Dept 2017]. Further, CPLR § 3016(b) provides that when a cause of action is based upon fraud "the circumstances constituting the wrong shall be stated in detail."

Viewing the complaint in the light most favorable to the plaintiff and giving the plaintiff all possible inferences, the complaint is devoid of any factual allegations to support a fraud cause of action. The complaint alleges that misrepresentations were made, and that plaintiff relied on them, without specific details. The complaint and the affirmation in opposition contains no specific factual allegations as required by CPLR § 3016(b). Accordingly, plaintiff's thirteenth cause of action against MLG is dismissed.

[* 3]

Breach of Fiduciary Duty- Fourteenth Cause of Action

In order to adequately plead a cause of action, plaintiff must allege the existence of a fiduciary relationship, misconduct by the defendant and damages caused by the misconduct. *See Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]. Pursuant to CPLR § 3016(b), where a cause of action alleges breach of trust, "the circumstances constituting the wrong shall be stated in detail".

It is clear the MLG was retained for the purpose of prosecuting the underlying insurance litigation and the limited power of attorney explicitly provides that the authority is limited to act on behalf of plaintiff in the property insurance claim. It is not alleged that MLG was hired to oversee the restoration of plaintiff's home.

Here, the allegations that can be gleaned from the complaint and affidavit in opposition to the instant motion, is that the alleged misconduct by MLG was the payment to the defendant contractors "prematurely, unnecessarily and improperly". Further, the damages alleged are that "the monies allocated to restore my home […] have not been so used and […] I have to pursue legal action." *See* NYSCEF Doc. 30.

Assuming that there are sufficient facts alleged to deem this cause of action is properly pled, and assuming that the allegations of prepayment can be characterized as misconduct, the alleged damages of plaintiff's home not being restored are not damages sustained by the alleged misconduct (*see Ozimek v DiJoseph*, 204 AD3d 448, 449 [1st Dept 2022] citing *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 10-11 [1st Dept 2008]). Accordingly, plaintiff's fourteenth cause of action is dismissed.

Negligence-Fifteenth Cause of Action

For the same reasons indicated above, plaintiff's cause of action alleging MLG as negligent in the performance of its duties, must be dismissed. Under the more relaxed pleading standard, the complaint still fails to allege that MLG's conduct, negligent or otherwise, namely payment to the contractors hired to perform services at plaintiff's home, is the proximate cause of its injuries[3]. Accordingly, it is hereby

ORDERED that the complaint is dismissed in its entirety as against defendant Merlin Law Group, P.A.; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsels for the moving parties shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)*.

---

[3] The Court notes that after oral argument on this motion, the parties, without leave, uploaded supplemental documents, these documents were not reviewed in deciding this motion.

**651691/2023 Motion No. 001**

**Page 5 of 6**

20240201113912LFRANKAAB1F3703464F23A163009CBB1A627D

__1/31/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

CHECK ONE:

| | |
|---|---|
| ☐ | CASE DISPOSED |
| X | GRANTED |

| | |
|---|---|
| X | NON-FINAL DISPOSITION |
| ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

6 of 6