Payne v Rosenberg, Minc, Falkoff & Wolfe, LLP (2024 NY Slip Op 03341)

Payne v Rosenberg, Minc, Falkoff & Wolfe, LLP

2024 NY Slip Op 03341

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Rosado, Michael, JJ. 

Index No. 151952/22 Appeal No. 2506-2507 Case No. 2023-02782, 2023-02830 

[*1]Kamela Payne, Appellant-Respondent,
v
Rosenberg, Minc, Falkoff and Wolfe, LLP, Respondent-Appellant.

Justine Clare Moran, Astoria, for appellant-respondent.
Furman Kornfeld & Brennan LLP, New York (Spencer A. Richards of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lynn Kotler, J.), entered February 21, 2023, which, to the extent appealed from, granted defendant's motion to dismiss the claims for legal malpractice, in part, and violation of General Business Law § 349, and denied plaintiff's cross-motion for leave to replead, unanimously modified, on the law, to deny defendant's motion to dismiss the claim for legal malpractice in its entirety, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 2, 2023, which denied plaintiff's motion seeking correction, modification and/or vacatur of the February 21, 2023 order, unanimously dismissed, without costs, as moot and otherwise as taken from a nonappealable order.
The legal malpractice claim should not have been dismissed insofar as it alleged malpractice based on defendant law firm's failure to take steps to enforce and collect the judgment it had obtained on behalf of plaintiff in the underlying personal injury action. The terms of the contingency fee retainer agreement did not unambiguously provide that the representation in that action terminated upon entry of the judgment or otherwise make clear that the scope of the representation did not include enforcement and collection tasks (see e.g. TMB Communications v Preefer, 61 AD3d 450 [1st Dept 2009]).
The court correctly denied dismissal of the legal malpractice claim insofar as it alleged malpractice based on defendant law firm's failure to name as a defendant in the underlying personal injury action a former deed owner who had an outstanding mortgage on the property which had not been satisfied. The elements of the malpractice claim were adequately pleaded at this stage of the proceedings (see Jarmuth v Wagner, 219 AD3d 1248 [1st Dept 2023]). The court declined to find that the claim was untimely asserted, correctly accepting as true the facts alleged by plaintiff concerning defendant's continuous representation until such time as defendant advised her to retain collections counsel (see Encalada v McCarthy, Chachanover & Rosado, LLP, 160 AD3d 475, 475-476 [1st Dept 2018]).
Given that the retainer agreement did not unambiguously terminate the representation upon the entry of the underlying judgment, there is no basis at this juncture for dismissing any portion of the legal malpractice claim as time barred. The claim, including to the extent it is based on allegations that defendant acted in a dilatory manner in seeking a default in the underlying action, is otherwise well-pleaded. Thus, the malpractice claim, including those portions the court implicitly dismissed without explanation, should be reinstated in its entirety.
The court correctly dismissed the General Business Law § 349 claim. Plaintiff fails to show that defendant made statements on its website or in a standard form retainer agreement that promised the public that the scope of its representation in personal injury matters encompassed enforcement and collection proceedings[*2]. Defendant's failure to provide language in such public-facing documents enumerating in detail the aspects of the scope of its representation and making clear that enforcement and collection tasks were not included does not rise to the level of a consumer-oriented misrepresentation or deceptive practice under General Business Law § 349 (see Kickertz v New York Univ., 110 AD3d 268, 273 [1st Dept 2013]; see also Loeb v Architecture Work, P.C., 154 AD3d 616, 616-617 [1st Dept 2017]; Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 104 [1st Dept 2012]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024