## Manhattan Dwelling Corp. v 200 W. 58th St. LLC

2026 NY Slip Op 30840(U)

March 6, 2026

Supreme Court, New York County

Docket Number: Index No. 654412/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                    PART                11M

*Justice*

------------------------------------------------------------------------------X

MANHATTAN DWELLING CORP.,

                Plaintiff,

         - v -

200 WEST 58TH STREET LLC A/K/A LIGHTHOUSE
PROPERTIES LLC,

                Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654412/2025 |
| MOTION DATE | 11/06/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

    Upon the foregoing documents, the motion is granted in part.

## Background

    This motion arises out of a brokerage commission dispute. Plaintiff is a real estate brokerage corporation, and Defendant is the owner of a property located on Seventh Avenue. In April of 2023, the parties entered into a real estate broker agreement (the "Agreement"). According to the Agreement, Plaintiff was to obtain a tenant for the premises in question in exchange for a commission. The commission would be paid in three installments, all with the condition that "rent is paid in full." Another provision of the Agreement states that "in the event Tenant is in monetary default under the Lease at the time such installment of commission is due", the Defendant would not be obligated to pay the installment until Tenant "cures such default and is then current in all its monetary obligations." Plaintiff did find a tenant for the space, the non-party Central Valley Deli Inc. ("Tenant").

The first installment was paid pursuant to the Agreement. When Plaintiff requested the second payment, Defendant rejected the request arguing that the Tenant was in default. Defendant had initiated a nonpayment proceeding in Housing Court against Tenant in May of 2024 and obtained a judgment. In March of 2025, Defendant filed a notice of satisfaction of judgment. In June, Plaintiff sent another request for the second installment. Defendant refused that request, and this proceeding was initiated as a response. Defendant has answered, and Plaintiff now moves for summary judgment.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff moves for summary judgment, arguing that their full commission became due when Defendant entered the satisfaction of judgment. They also move to dismiss the affirmative defenses asserted by Defendant. Defendant opposes the motion, arguing that Tenant has not been current in its monetary obligations since August 31, 2023. Specifically, they contend that as of the filing of the satisfaction of judgment, Tenant at that time still owed rent and additional fees in

the amount of $29,120.00. They also argue that Plaintiff has failed to make out a prima facie case of entitlement to summary judgment because Plaintiff failed to submit evidence of their broker license current as of the date of the execution of the Agreement. For the reasons that follow, the motion is denied.

*Plaintiff Failed to Establish Prima Facie Entitlement to Summary Judgment*

As an initial matter, Defendant points to the lack of documentation as to Plaintiff's broker license at the time the Agreement was executed. RPL § 442-d states that no entity may maintain an action for a brokerage compensation "without alleging and proving that such person was a duly licensed real estate broker or real estate salesperson on the date when the alleged cause of action arose." Generally speaking, a non-licensed real estate broker cannot recover a real estate commission fee. *DSA Realty Servs., LLC v. Marcus & Millichap Real Estate Inv. Servs. of N.Y., Inc.*, 128 A.D.3d 587, 588 [1st Dept. 2015]. In original support of their motion, Plaintiff alleged, but provided no evidence towards the proposition, that they are a licensed real estate broker. In reply, Plaintiff provides affidavits and evidence of brokers' licenses. But a party moving for summary judgment may not correct evidentiary faults in their motion on reply. *See, e.g., Matter of Northwest 5th & 45th Realty Corp. v. Mitchell, Maxwell and Jackson*, 164 A.D.3d 1158, 1158 [1st Dept. 2018]. Furthermore, Plaintiff has not submitted evidence of a valid brokers' license at the time of the Agreement's execution. For this reason, Plaintiff fails to establish a prima facie entitlement to summary judgment.

*There Are Areas of Disputed Fact Going to the Tenant's State of Arrears and Triggering of the Commission*

As a separate and independent reason why summary judgment would be inappropriate now, there are disputed areas of fact going to whether or not Tenant was in default of their

monetary obligations at the time of the filing of the satisfaction of judgment through present date. Defendant has provided a rent ledger and claims that at the time of the satisfaction of judgment, Tenant still had outstanding arrears for rent and other charges. Plaintiff questions the consistency and characterization of the entries on the rent ledger. This presents issues of material fact going to whether the condition precedent to the commission clause was triggered, thus preventing summary judgment at this time.

Plaintiff also argues that by the terms of the commission clause, the installments are due so long as Tenant is current on rent, and arrears in non-rent categories does not prevent the commission from coming due. Defendant argues that the terms of provision require that Tenant be current on all monetary obligations under the lease before a commission installment is due. The relevant language reads that each installment is due at a certain time "provided rent is paid in full"; and the provision goes on to state that "[n]otwithstanding the foregoing, in the event Tenant is in monetary default under the Lease at the time such installment of commission is due", then the Defendant is not obligated to pay the installment. Plaintiff argues that the phrase "monetary default" refers only to rent, and not other charges due under the lease. But this reading would be contrary to the plain terms of the provision. The phrases "monetary default" and "monetary obligations" clearly do not limit themselves to rent and would encompass any and all obligations to pay that are contained in the lease. For that reason, because it has not been established that the Tenant is not current on all monetary obligations under the lease, granting summary judgment at this time would be inappropriate.

*Defendant's Affirmative Defenses Except for the Third Should Be Dismissed As Mere Legal Conclusions*

Plaintiff also moves to dismiss the ten affirmative defenses asserted by Defendant in the answer. Plaintiff argues that these defenses are insufficiently pled and without merit. Defendant argues that Plaintiff has not met their burden to dismiss. CPLR §3211(b) permits a party to move to dismiss an affirmative defense on the grounds that it lacks merit. Affirmative defenses that are merely pled with legal conclusions and are lacking in factual allegations should be dismissed. *See, e.g., 170 W. Vil. Assoc. v. G & E Realty, Inc.*, 56 A.D.3d 372, 372 – 73. Each affirmative defense consists of a single sentence stating a legal conclusion. For instance, the first simply states that "The Complaint fails to state a claim upon which relief can be granted." In reply on this motion, Defendant barely addresses the portion of the motion seeking to dismiss the affirmative defenses and argues that there are questions of fact precluding dismissal. Although the answer pleads no factual allegations with which to support the affirmative defenses, for the reasons addressed above Defendant has made a showing that there are questions of fact regarding the condition precedent in the Agreement. Therefore, the third affirmative defense stating that documentary evidence (the Agreement) bars Plaintiff's claims survives. Accordingly, it is hereby

ADJUDGED that the motion is granted in part; and it is further

ADJUDGED that the first, second, and fourth through tenth affirmative defenses are hereby dismissed; and it is further

ADJUDGED that part of the motion seeking summary judgment is denied.

20260306112805LFRANKE61C800F36CB4B52BF5C952038C516F2

| 3/6/2026 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 5]