Reynolds v Ford O'Brien LLP (2026 NY Slip Op 01861)

Reynolds v Ford O'Brien LLP

2026 NY Slip Op 01861

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 157303/23|Appeal No. 6207|Case No. 2025-04028|

[*1]Scott Richard Reynolds et al., Appellants,
vFord O'Brien LLP, et al., Respondents.

Andrew Lavoott Bluestone, Southampton, for appellant.
Furman Kornfeld & Brennan LLP, New York (Spencer A. Richards of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered April 25, 2025, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
The court correctly granted defendants' motion to dismiss the legal malpractice claim, as plaintiffs did not plead facts to indicate that "but for" defendants' alleged departures from good practice in their representation of plaintiffs in an arbitration proceeding, plaintiffs would have received a more favorable outcome in that proceeding (see Cherry Hill Mkt. Corp. v Cozen O'Connor P.C., 118 AD3d 514, 514 [1st Dept 2014]; Marcum LLP v L'Abbate, Balkan, Colavita & Contini, L.L.P., 222 AD3d 486, 487 [1st Dept 2023]). Plaintiffs' contention that defendants failed to timely seek a $7.2 million offset in the arbitration and that such failure was the proximate cause of their damages is unavailing. The issue of the setoff was brought to the panel's attention before the award was finalized, and it was considered by the panel. Plaintiffs provide no support for their contention that the panel's consideration of the issue was not meaningful. Plaintiffs also provide no support for their argument that the panel would have been convinced by the merits of the setoff had defendants presented the issue during the proceedings.
Plaintiffs' argument that defendants failed to conduct due diligence into the bias of the panel chairperson and failed to timely make a challenge to his appointment or seek his recusal, only raising the issue after the fact in a motion to vacate the award before a Florida court, is unavailing. The Florida court found that even if the evidence of bias had been raised at the outset of the proceeding, it would have been insufficient under Florida law to provide a valid basis for seeking the chairperson's recusal.
The court also correctly dismissed the breach of fiduciary duty cause of action. To the extent the claim was based on allegations that defendants breached fiduciary duties based on conduct that is the same conduct that underlies the legal malpractice claim, the claim fails for the same reason as the malpractice claim — the failure to adequately allege any "but for" causation between the alleged breach and the injury (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]; see also Ozimek v DiJoseph, 204 AD3d 448, 449 [1st Dept 2022], lv denied 38 NY3d 911 [2022]). The allegations of conduct distinct from the legal malpractice allegations relate only to the failure to properly perform work on behalf of plaintiff SRR Fortress Capital, LLC. Since the arbitration claims against SRR were dismissed, there is no basis for a breach of fiduciary duty claim based on those allegations.
The court correctly dismissed the breach of contract claim alleging improper overbilling on contingency fee arrangements with respect to two other matters. The record adequately refutes plaintiffs' allegations that defendants actually made any such improper billing demands or obtained any improper fees that would provide the basis for such a claim. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026